IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Burk,                      :
             Petitioner     :
                           :
          v.              :
                           :
Workers' Compensation Appeal   :
Board (School District of Philadelphia), :   No. 491 C.D. 2020
              Respondent  :   Submitted: September 4, 2020

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: December 22, 2020

David Burk (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) May 7, 2020 order affirming the Workers' Compensation Judge's (WCJ) October 11, 2019 remand decision, thereby granting in part Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition) as of July 18, 2017. Claimant presents two issues for this Court's review: (1) whether the Board misapplied *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (en banc), by limiting Claimant's reinstatement of total disability benefits to the date he filed the Reinstatement Petition pursuant to *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*); and (2) alternatively, to the extent *Whitfield* limited Claimant's reinstatement of disability status to the date the Reinstatement Petition was filed, whether such a limitation is consistent with the letter and spirit of the Pennsylvania Supreme Court's holding in *Protz II*. After review, we affirm.

The facts relevant to this decision are not in dispute. On March 11, 2002, Claimant injured his right knee in the course and scope of his employment as a custodial assistant for the School District of Philadelphia (Employer). On October 5 and October 13, 2009, Employer issued corrected notices of compensation payable and Claimant received total disability benefits. On September 23, 2013, Claimant underwent an Impairment Rating Evaluation (IRE), which determined that he was less than 50% impaired. Claimant's IRE was performed using the Sixth Edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (*Guides*).

On February 4, 2014, Claimant filed a Petition to Review Compensation Benefits (Review Petition) seeking to amend his injury description. On March 20, 2014, Employer filed a Petition to Modify Compensation Benefits from total to partial disability (Modification Petition) effective September 23, 2013, based on Claimant's IRE. On April 17, 2015, the WCJ denied Claimant's Review Petition and granted Employer's Modification Petition. *See* Reproduced Record (R.R.) at 276a-287a. Claimant did not appeal from the WCJ's modification of his WC benefits.

On September 18, 2015, this Court decided *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd in part and rev'd in part*, *Protz II*. In *Protz I*, this Court held that former Section 306(a.2) of the WC Act (Act)[1] was an unconstitutional delegation of legislative authority because it proactively approved the *Guides*' editions beyond the Fourth Edition without review and remanded the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of the Act of October 24, 2018, P.L. 714 (Act 111). A similar provision is now found in Section 306(a.3) of the Act, added by Section 1 of Act 111, 77 P.S. § 511.3.

matter for the WCJ to apply the *Guides*' Fourth Edition. Thereafter, both parties sought review by the Pennsylvania Supreme Court, which the Supreme Court granted.

On April 7, 2017, Employer filed a Petition to Terminate Compensation Benefits (Termination Petition), alleging therein that Claimant had fully recovered from his work injury as of January 12, 2017. Claimant opposed the Termination Petition.

On June 20, 2017, our Supreme Court issued *Protz II*, striking down Section 306(a.2) of the Act on the basis that the IRE provisions therein violated the Pennsylvania Constitution's non-delegation doctrine by prospectively approving the *Guides*' editions beyond the Fourth Edition without review.[2]

On July 18, 2017, before the 500 weeks of his partial disability expired,[3] Claimant filed the Reinstatement Petition seeking to nullify the modification of his WC benefits and to reinstate his total disability benefits because *Protz II* rendered his IRE invalid and unconstitutional. *See* R.R. at 14a-17a. On June 5, 2018, the WCJ denied the Termination Petition, and partially granted the Reinstatement Petition, awarding Claimant total disability benefits as of June 20, 2017, the day *Protz II* was issued. *See* R.R. at 19a-29a.

On June 6, 2018, this Court issued the *Whitfield* decision, ruling that a claimant is entitled to reinstatement based on *Protz II* as of the date the reinstatement petition was filed. Thereafter, both parties in the instant case appealed from the WCJ's decision to the Board. On February 28, 2019, the Board remanded the matter

---

[2] The *Guides*' Fourth Edition was in effect when the Act's IRE provisions were initially enacted.

[3] Section 306(b)(1) of the Act, 77 P.S. § 512(1), limits a claimant's receipt of partial disability benefits to 500 weeks.

3

to the WCJ to re-open the record and permit the parties to seek appropriate remedies in accordance with the changes in the law following *Protz II*. *See* R.R. at 43a-49a.

On remand, the parties submitted additional evidence. On October 11, 2019, having concluded that Claimant remained disabled due to his work injury, the WCJ again partially granted the Reinstatement Petition but, pursuant to *Whitfield*, changed the effective reinstatement date to July 18, 2017, the day Claimant filed the Reinstatement Petition. *See* R.R. at 51a-58a. Claimant appealed to the Board, asserting that *Whitfield* had been improperly decided, and that his reinstatement should date back to the September 23, 2013 IRE. On May 7, 2020, the Board affirmed the WCJ's decision. *See* R.R. at 72a-77a. Claimant appealed to this Court.[4]

Claimant argues that the Board misapplied *Whitfield* by limiting the reinstatement of his total disability benefits to the date he filed the Reinstatement Petition.

In *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020),[5] this Court summarized:

> In *Whitfield*, the claimant had her total disability benefits converted to partial disability benefits based on a June 13, 2006 IRE performed under the Fifth Edition of the *Guides*, and she received benefits from September 2002, until her last payment of compensation in mid-July 2015. About a month after *Protz I* was decided, the claimant sought reinstatement of her total disability benefits. We held that because the claimant filed for reinstatement of her benefits within three years of her last compensation payment as permitted by Section 413(a) of the Act, 77 P.S. § 772, she was entitled, as a matter of law, to seek modification of

---

[4] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[5] The claimant in *White* sought review of this Court's decision by the Supreme Court on September 14, 2020 (333 EAL 2020).

4

her disability status based upon the *Protz* decisions. We also held, however, that in order to be entitled to reinstatement of total disability benefits based upon a now-unconstitutional IRE, a claimant must demonstrate that she continues to be disabled, which she may prove through her own testimony. The burden then shifts to the employer to prove the contrary. We stated that **so long as the claimant's testimony is credited, and the employer presents no evidence to the contrary, the claimant is entitled to reinstatement as of the date the reinstatement petition is filed**. We cautioned, though, that '[s]imply because *Protz II* is being applied to [this] case[, which] arose from a work injury and a change in disability status that predates it[,] did not mean it operates retroactively.' *Whitfield*, 188 A.3d at 617.

*White*, 237 A.3d at 1229 (emphasis added).

Significantly, in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), the claimant's benefits were modified from total to partial disability based on a 2014 IRE using the *Guides*' Sixth Edition. Because *Protz I* had been decided, the WCJ re-opened the record to allow the employer to introduce new evidence using the *Guides*' Fourth Edition, as *Protz I* permitted. The WCJ ultimately modified the claimant's WC benefits from total to partial disability and both parties appealed. However, because *Protz II* was pending before the Supreme Court, the Board granted a stay pending the Supreme Court's decision. After *Protz II* was decided, the Board reversed the WCJ's decision and reinstated the claimant's partial WC disability benefits to total disability benefits effective as of the date of the claimant's IRE. The employer appealed to this Court claiming the Board erred by applying *Protz II* retroactively. The *Dana Holding* Court concluded that *Protz II* should be applied retroactively to the IRE date because the claimant's disability status based on his IRE was still being actively litigated and was not final when the *Protz* decisions were issued. On appeal, the Supreme Court affirmed.

5

On August 17, 2020,[6] in *White*, this Court examined *Dana Holding* and *Whitfield* relative to *Protz II* and concluded:

> [The c]laimant argues that the present matter is distinguishable from *Whitfield* because [the c]laimant filed her reinstatement petition within her 500 weeks of partial disability, not after the 500-week period of partial disability was exhausted, as was the case in *Whitfield*. However, [the c]laimant misapprehends the distinction between *Whitfield* and *Dana Holding* which makes *Whitfield* more applicable to the matter before us. **Here, it is not that [the c]laimant filed her reinstatement petition within the 500-week period of partial disability;[7] rather it is that [the c]laimant previously had her benefits modified from total to partial disability effective [in December] 2013, did not appeal that decision, and is seeking reinstatement of her benefits**, **via a reinstatement petition filed in October 2015**, **after the decision in *Protz I*. This makes the present [c]laimant more like the claimant in *Whitfield* than the claimant in *Dana Holding***, **who was still in the process of litigating her reinstatement petition when *Protz I* and its progeny began to be decided**. In fact, in *Dana Holding* [*Corp. v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018), *aff'd*, 232 A.3d 629 (Pa. 2020)], we specifically limited our holding as follows: 'We reiterate that our holding is limited to cases, such as this, where the underlying IRE was still being actively litigated when *Protz II* was issued.

---

[6] Claimant filed his brief with this Court on August 3, 2020, and, thus, did not have the benefit of this Court's *White* decision at the time. Employer discussed *White* in its brief filed on August 28, 2020. Notably, although Claimant filed a reply brief on September 9, 2020, he did not address or even reference *White* therein.

[7] Herein, the Board reached the same conclusion in its February 28, 2019 opinion, based upon this Court's decisions in *Pavlack v. Workers' Compensation Appeal Board (UPMC South Side)* (Pa. Cmwlth. No. 702 C.D. 2017, filed June 6, 2018), and *Moore v. Workers' Compensation Appeal Board (Sunoco, Inc. (R&M))* (Pa. Cmwlth. No. 715 C.D. 2017, filed June 6, 2018). *See* Bd. 2/28/19 Op. at 9 n.3. This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

6

> The extent to which *Protz II* may be retroactively applied to another factual scenario is not currently before us.'
> *Dana Holding*, 195 A.3d at 642 n.9.

*White*, 237 A.3d at 1231 (emphasis added).

> The *White* Court expounded:
>
> In its opinion affirming this Court, our Supreme Court acknowledged this limitation and stated 'the Commonwealth Court did not err in applying the *Protz* standard 'to the case on appeal at the time of this Court's decision,' retroactive to the date of the IRE.' Our Supreme Court further stated 'our present decision stands for the principle that the general rule in Pennsylvania will be that, at least where prior judicial precedent [is not] overruled, a holding of this Court that a statute is unconstitutional will generally be applied to cases *pending on direct appeal* in which the constitutional challenge has been raised and preserved.' *Dana Holding* . . . [, 232] A.3d [at 648-49] . . . (emphasis added). '[W]e agree with the Commonwealth Court that a disability modification is not vested when it remains subject to *a preserved challenge* pursued *by a presently aggrieved claimant*.' *Id*. . . . at [649] (emphasis added). **In the present matter**, [the c]laimant was not litigating the underlying IRE when *Protz II* (or for that matter *Protz I*) was issued. [The c]laimant's modification from total to partial disability was effective in 2013 and had not been appealed. Accordingly, [the c]laimant here is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial.**

*White*, 237 A.3d at 1231 (bold emphasis added).

Here, as in *White*, Claimant had his WC benefits modified from total to partial disability based on a 2013 IRE, did not appeal from that decision, and did not file his Reinstatement Petition challenging his IRE until **after** *Protz II* was decided. *White* was decided within the letter and spirit of *Protz II* and is binding precedent. Accordingly, the Board properly determined that "Claimant here is entitled to

7

reinstatement [of his WC benefits] as of the date of h[is] [R]einstatement [P]etition [(i.e., July 18, 2017)], not the effective date of the change in h[is] disability status from total to partial." *White*, 237 A.3d at 1231.

Based on the foregoing, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Burk, : 
                       Petitioner : 
                        : 
            v. : 
                        : 
Workers' Compensation Appeal : 
Board (School District of Philadelphia), :    No. 491 C.D. 2020
                Respondent : 

## O R D E R

AND NOW, this 22nd day of December, 2020, the Workers' Compensation Appeal Board's May 7, 2020 order is affirmed.


_____
ANNE E. COVEY, Judge